**Olive DRAKE, Appellant,**

**v.**

**Burgess DRAKE, Appellee.**

Court of Appeals of Kentucky.

March 21, 1969.

John Lane Ackman, Williamstown, for appellant.

J. Thaxter Sims, John Swinford, Cynthiana, for appellee.

PALMORE, Judge.

The appellee, Burgess Drake, brought this suit against the appellant, Olive Drake, for a divorce on the ground of abandonment. KRS 403.020 (2) (a). Olive counterclaimed for a divorce on the ground of cruel and inhuman treatment. KRS 403.020 (3) (b). She appeals from a judgment granting Burgess a divorce, directing Olive to convey Burgess her interest in a jointly owned farm, and awarding Olive the sum total of $3,000 out of which she is required to pay her own court costs and a $500 attorney fee.

The parties were married in 1926. When the evidence was taken he was 62 and she was 57 years of age. They had six children, five of whom were grown and married and the sixth, a 14-year-old boy, was living with his father when this litigation began. Since 1959 Olive has lived at Georgetown in a home owned by her sister and Burgess has remained on the farm. There is a variance in the testimony as to the causative circumstances of the 1959 separation, but apparently it was not too greatly inconvenient to either party, since Burgess came to town regularly and often stayed overnight with Olive, continuing normal marital relations with her until April of 1965, a little more than a year before he filed this suit. For most of this time the son stayed with his mother during the school year and Burgess gave Olive something less than $60 per month, which he says was for her support and she says was for the boy's support.

The farm consists of 82 acres and is located on the border line of Scott and Harrison Counties. It was purchased on credit in 1942 for $6,000, of which $2,850 remained unpaid when this suit was commenced. The property is assessed at $12,100, which is supposed to and, according to the tax authorities, does reflect its market value.

The chancellor made but one finding of fact on the essential merits of the case, which was that Olive had abandoned Burgess as charged in the complaint. It would have been helpful if the findings had determined the value of the property. As it is, it appears to us from the evidence that Burgess' net worth, including the farm, is in the neighborhood of $8,000. The judgment does not say whether the award of $3,000 to Olive represents alimony, property settlement, or both, which may be just as well, because in this kind of case the label is of little practical consequence.

Olive does not have any estate of her own except for what she receives under this judgment. Her upkeep is derived solely from keeping two or three boarders and taking in ironing work. It is certain that she does not have an "ample estate" within the meaning of KRS 453.120. It is therefore incumbent on the husband to pay the costs, including her attorney fee. We recognize that the judgment could have been drawn to allow Olive $2,500 or some lesser amount instead of $3,000, but if that is what

the chancellor intended to do he should have done it directly and in so many words rather than appearing to give with one hand and take away with the other. As it is, the judgment on its face directs Olive to pay the costs, which is in violation of KRS 453.120.

For the rest, we cannot say the judgment is clearly erroneous. Burgess does not make much money and is not in robust health. His physician says he should not do farm work. At his age and with his experience his earning power would seem to be on the decline. The law no longer obliges him to support Olive. We may look only to the chancellor's division of what they had at the end of the marriage. If it was unfair (and of course we do not say it was), it was not so unreasonable that this court could justifiably substitute its own judgment for that of the chancellor.

The judgment is affirmed in part and reversed in part with directions that it be modified to award the appellant $3,000 free of costs and attorney fees.

All concur.